IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TERRENCE LYNN TARDY,

      Petitioner,

   v.

BRIAN BELLEQUE,

      Respondent.

Civil No. 09-424-BR

OPINION AND ORDER

C. RENEE MANES
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

     Attorneys for Petitioner

JOHN R. KROGER
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301-4096

     Attorneys for Respondent

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

<u>**BACKGROUND**</u>

On the night of January 12, 2003, Petitioner and three other individuals went to Cameron Gassner's residence where they watched movies and ate pizza. Petitioner and his friends left about midnight. About an hour later Petitioner returned alone. Once Petitioner was back inside the apartment a violent struggle ensued during which Gassner received between 30 and 40 stab marks and cuts. Petitioner ultimately killed Gassner by cutting his neck.

Substantial evidence linked Petitioner to the crime. Petitioner left his fingerprints in Gassner's blood on a dresser door at the crime scene and his bloody footprints leading to a safe in Gassner's closet. After the murder, several people observed Petitioner with injuries including bite marks on his hands and wrist.

An associate of Petitioner's named Carl Fawcett provided information regarding this matter to police investigators. Although Fawcett originally told police he had not seen Petitioner for several weeks before Gassner's death, he later told them

Petitioner solicited him to help rob Gassner, but that he declined. A police detective subsequently learned that Petitioner had a history of attempting such robberies.

On January 27, 2003, a Washington County grand jury indicted Petitioner on one count of Murder. The trial court appointed attorneys Robert Axford and Ricardo Menchaca to represent Petitioner. Prior to the date set for trial, Petitioner and trial counsel reviewed the police reports, including those describing Fawcett's statements. Petitioner pointed out the inconsistencies in Fawcett's statements to trial counsel.

Petitioner entered a plea agreement under which he agreed to plead guilty to Murder and to receive a stipulated life sentence with a 25-year minimum and lifetime post-prison supervision. In return, the State agreed not to convene a grand jury on a charge of Aggravated Murder. At the change of plea hearing on April 23, 2004, the trial judge engaged in an extensive colloquy with Petitioner which included, in pertinent part, the following exchange:

> THE COURT: Are you confident that you understand today's proceedings?
>
> PETITIONER: Yes, I am.
>
> THE COURT: The plea petition that has been forwarded to the Court, I'd like to reference it presently, did you review that document carefully?
>
> PETITIONER: Yes, I have.

3 - OPINION AND ORDER -

THE COURT:  And did you understand what it says?

PETITIONER:  Yes, I do.

THE COURT:  Did you sign that document of your own free will?

PETITIONER:  Yes, I did.

THE COURT:  I'm going to review some of them in a repetitious manner, but you know if I accept your guilty plea you'd be waiving your right to a jury trial?

PETITIONER:  Yes, I understand that.

THE COURT:  You'd be waiving your right to present evidence on your own behalf?

PETITIONER:  Yes, I understand that.

THE COURT:  You'd be waiving your right to subpoena people or things that are favorable to you at time of trial?

PETITIONER:  Yes, I understand that.

THE COURT:  You'd be waiving your right to require the State to prove the elements of the offense beyond a reasonable doubt?

PETITIONER:  Yes, I understand that as well.

THE COURT:  You'd be waiving the right to have the State be required to present live witnesses as evidence to prove their case?  Do you understand that?

PETITIONER:  Yes.

THE COURT:  And you'd be waiving your right to cross-examine such witnesses.  Do you understand that?

PETITIONER:  Yes.

THE COURT:  At a trial you would have the right to testify at your sole discretion and you'd have the companion right of not testifying at your sole discretion.  Do you understand that?

4 - OPINION AND ORDER -

PETITIONER:  Yes.

THE COURT:  And we wouldn't be exercising any of those rights if you were to plea in terms of the trial process at the least.  Do you understand that?

PETITIONER:  Yes.

THE COURT:  You know that the sentence has already been agreed upon by the parties and approved by the Court if I accept your guilty plea?

PETITIONER:  Yes, sir.

THE COURT:  And as you know, it's a life in prison with a 25-year mandatory minimum.  Do you understand that?

PETITIONER:  Yes.

THE COURT:  And after the 25 years are up, there is a process by which you could petition to be placed on post-prison supervision and ultimately that would be up to the post-prison supervision board?

PETITIONER:  Yes.

THE COURT:  And have your lawyers reviewed that aspect of your case to your satisfaction?

PETITIONER:  Yes, sir.

* * *

THE COURT:  Have you discussed your case fully to your satisfaction with your attorneys?

PETITIONER:  Yes, I have.

THE COURT:  And have you reviewed any potential defenses that you might have in the case?

PETITIONER:  Yes, we have.

THE COURT:  And have you reviewed with the police reports, have a pretty good feel for what evidence the State would present at trial?

5 - OPINION AND ORDER -

PETITIONER:  Yes, sir.

THE COURT:  Have you been satisfied with your lawyer's advice and help?

PETITIONER:  Yes, I have.

* * *

THE COURT:  Have there been any threats to get you to plead guilty other than the plea bargaining process, sir?

PETITIONER:  No, sir.

THE COURT:  And probably better put, have there been any promises other than the plea bargaining process to get you to plead guilty?

PETITIONER:  No, sir.

Resp. Exh. 106, 5-11.  The trial judge accepted Petitioner's guilty plea and imposed the agreed-upon sentence of life with a 25-year minimum and lifetime post-prison supervision.

Although Petitioner did not file a direct appeal, he did seek state post-conviction relief ("PCR").  Following an evidentiary hearing, the PCR trial judge denied relief.  Petitioner appealed the denial of PCR relief, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.  *Tardy v. Belleque*, 224 Or. App. 179, 197 P.3d 1152 (2008), *rev. denied*, 346 Or. 158, 206 P.3d 192 (2009).

On April 21, 2009, Petitioner filed his Petition for Writ of
Habeas Corpus this Court.  In his *pro se* Petition he alleges five
claims for relief[1]:

> **Ground One:**    Ineffective Assistance of Counsel and
> Prosecutor Misconduct.  U.S.C.A. Amendments V (Plea-
> Agreements), VI (Ineffective Assistance of Counsel) XIV
> (Due Process).
> **Supporting Facts:** State prosecutor by and through trial
> counsel threatened instituting charges of Aggravated
> Murder along with seeking the death penalty if
> petitioner would not plea guilty to Murder, which caused
> Petitioner to enter into a Commercial Contract under
> duress.
>
> **Ground Two:**    Ineffective Assistance of Counsel.
> U.S.C.A. Amendments V (Plea-Agreements) VI (Ineffective
> Assistance of Counsel) and XIV (Due Process).
> **Supporting Facts:**    Trial counsel failed to fully
> disclosed and explain the plea agreement entered into
> particularly the mens rea and the fact that if
> petitioner had gone to trial the maximum sentence for
> Murder under the Measure 11 sentencing guidelines is
> only 25 years.  Trial counsel led petitioner to accept
> a plea agreement with the sentence of "Life with the
> possibility of parole after 25 years." Therefor trial
> counsel failed to ensure that petitioner's plea was
> knowingly and voluntrayly [sic] made.
>
> **Ground Three:**    Ineffective Assistance of Counsel.
> United States Constitution Amendments VI (Ineffective
> Assistance of Counsel) and XIV (Due Process), VI (Plea
> Agreement).
> **Supporting Facts:**   Trial counsel failed to investigate
> state witness Carl Fawcett multiple misleading
> testimonies that contradict each other that were taken
> on June 26, 2003, April 14, 2004 and April 15, 2004
> which testimonies prosecution threatened to use to
> reindict petitioner with Aggravated Murder if petitioner
> would not plea guilty to Murder.

---

[1]After the *pro se* Petition was filed, the Court appointed
counsel to represent Petitioner herein.

**Ground Four:** Ineffective Assistance of Counsel and Due
Process.    United States Constitution Amendments VI
(Ineffective  Assistance  of  Counsel)  and  XIV  (Due
Process).
**Supporting  Facts:**  The  indictment  failed  to  charge
enough facts to warrant a conviction for murder.  Trial
counsel  did  not  investigate  the  elements  of  the
discovery  or  the  facts  of  the  case  to  challenge  the
legal  vitality  of  the  indictment  through  a  demurrer.
The  indictment  itself  states  no  factual  basis  for  the
charge  of  murder  and  the  discovery  provided  to  the
defense does not contain enough factual basis to support
the indicted charge of murder.

**Ground Five:**  Miscarriage  of  justice,  and  Cruel  and
Unusual  punishment.   United  States  Constitution  8th
Amendment.
**Supporting  Facts**:  Petitioner  is  actually  innocent  of
the  murder  charge  he  was  convicted  of.    The
investigators reports does not support the elements of
Murder but the elements of Manslaughter.

Respondent addresses only the first four grounds for relief.

Respondent argues Petitioner procedurally defaulted the claims

alleged in Ground Four, and that the state court decisions denying

relief on the claims alleged in Grounds One, Two, and Three are

entitled to deference under 28 U.S.C. § 2254(d) and (e)(1).

## DISCUSSION

I.   **Procedural Default**

    A.   **Legal Standards**

    Generally, a state prisoner must exhaust all available state

remedies either on direct appeal or through collateral proceedings

before a federal court may consider granting habeas corpus relief.

28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion

requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-56 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005).

A "fair presentation" requires a prisoner to state the facts that entitle him to relief, and to reference the federal source of the law on which he relies, or a case analyzing the federal constitutional guarantee upon which he relies, or to simply label his claim "federal." *Baldwin*, 541 U.S. at 32, *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cook v. Schriro*, 538 F.3d 1000, 1025 (2008), *cert. denied*, 129 S. Ct. 1033 (2009). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that failure to consider the claims will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

### B.    Analysis

#### 1.    Ground Four

In his PCR petition, Petitioner alleged the same claim alleged in ground four of his habeas corpus Petition in this court.  On appeal of the PCR judgment, Petitioner's PCR counsel filed a brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991).[2] Petitioner submitted a Section B alleging one claim, that trial counsel was ineffective in failing to insure Petitioner's guilty plea was knowing and voluntary.  He did not raise his claim that trial counsel was ineffective in not objecting to the indictment as failing to assert enough facts to warrant a conviction for murder.

Although he did not specifically raise this claim in his Section B, Petitioner submits that under *Farmer v. Baldwin*, 346 Or. 67, 205 P.3d 871 (2009), the claim was fairly presented because counsel attached a copy of the PCR petition to Section A as an "excerpt of the record."  Moreover, Petitioner argues, the

---

[2]A *Balfour* brief allows appointed counsel to meet the constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument.  Section B, signed only by the appellant is a presentation of the issues the appellant seeks to raise but that counsel considers to be frivolous.  *Balfour*, 311 Or. at 451-52.

claim was alleged in the Petition for Review to the Oregon Supreme Court.

In *Farmer*, the Oregon Supreme Court addressed a question certified from the Ninth Circuit concerning whether a petitioner had properly presented his federal claims to that court in a *Balfour* brief. The court held that under the relaxed *Balfour* standards of Or. R. App. P. 5.90, attachment of a petitioner's PCR brief to a *Balfour* brief could present legal questions for review "so long as the attachment serves as the section B of the petitioner's brief in the Court of Appeals and the petition for review incorporates that attachment." *Id*. at 80.

In *Jackson v. Belleque*, 2010 WL 348357, *3 (D. Or., Jan. 21, 2010), this Court rejected an argument that the reasoning in *Farmer* should be extended to consider as exhausted claims in a PCR petition attached as an excerpt of the record to section A of a *Balfour* brief. *See also Ayala v. Mills*, 2010 WL 3945220, *3 (D. Or., Oct. 5, 2010) ("I reject petitioner's assertion that he fully incorporated by reference his [PCR petition] into his appellate brief merely by including it in the Excerpt of Record"). The Court finds the reasoning of *Jackson* persuasive and adopts it here.

Because Petitioner did not present the claim alleged in Ground Four to the Oregon Court of Appeals, even though the claim

was included in the Petition for Review it was not presented to the Oregon Supreme Court in a procedural context in which the claim would be considered.  *See* Or. R. App. P. 9.20(2) ("questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court").  As such the claim was not exhausted because it was not fairly presented to the Oregon Supreme Court.

Petitioner cannot now fairly present the claim alleged in Ground Four to the Oregon state courts.[3]  As such, Petitioner procedurally defaulted this claim.  Moreover, Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse this procedural default.  Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Four.

## 2.   Ground Five

In Ground Five, Petitioner alleges his sentence violates the Eighth Amendment prohibition of cruel and unusual punishment

_____

[3]Under Or. Rev. Stat. § 138.071, direct appeals must be filed not later than 30 days after the judgment or order appealed from was entered in the register.  Under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived.  Finally, Or. Rev. Stat. § 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days of the Oregon Court of Appeals' decision.

because he is actually innocent of the Murder charge upon which he was convicted. Because Petitioner did not raise this claim on direct appeal or in his state PCR proceeding, the claim is procedurally defaulted. Because Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse this procedural default, he is not entitled to habeas corpus relief on the claim alleged in Ground Five.

## II. Relief on the Merits

### A. Legal Standards

Under 28 U.S.C. § 2254(d)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A federal habeas court cannot

overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Instead, habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, --- S. Ct. ---, 131 S. Ct. 770, 786 (2011).

An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the ... case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U .S. at 413), *cert. denied*, 546 U.S. 963 (2005). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974.

A federal court considering a habeas petition must also give considerable deference to a state court's factual findings. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the

evidence presented in the state court proceedings, § 2254(d)(2)."
*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  Both subsections
(d)(2) and (e)(1) of § 2254 apply to findings of historical or
pure fact, not mixed questions of fact and law.  *Lambert*, 393 F.3d
at 976-77.

In conducting a review under § 2254, this Court must look to
the last reasoned state-court decision.  *Van Lynn v. Farmon*, 347
F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290
F.3d 1223, 1233 n. 3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037
(2004).  A written decision from the state court explaining the
state court's reasoning, however, is not necessary to determine
whether a state court's decision resulted from an unreasonable
legal or factual decision.  *Harrington*, 131 S. Ct. at 784-85.

To prevail on a claim of ineffective assistance of counsel,
a habeas petitioner must demonstrate "that counsel's performance
was deficient" and "that the deficient performance prejudiced the
defense." *Strickland*, 466 U.S. at 687.  "The standards created by
*Strickland* and § 2254(d) are both 'highly deferential,' and when
the two apply in tandem, review is 'doubly' so." *Harrington*, 131
S. Ct. at 790 (citations omitted).

The same two-part standard set forth in *Strickland* applies to
ineffective assistance claims arising out of the plea process.
*Hill v. Lockhart*, 474 U.S. 52 (1985).  When a habeas petitioner

has pleaded guilty, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Id.* at 56-59. The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

In *Premo v. Moore*, --- U.S. ---, 131 S. Ct. 733 (2011), the Supreme Court recently addressed the deference required in evaluating a federal habeas claim based upon ineffective assistance of counsel in a plea context. The Court noted that because "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks," strict adherence to the deferential *Strickland* standard is "all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Id.* at 742. "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable.

The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 740.

**B.   Analysis**

In Grounds One, Two, and Three, Petitioner alleges trial counsel provided constitutionally ineffective assistance by allowing the prosecutor to threaten or coerce Petitioner into pleading guilty, by failing to adequately advise Petitioner concerning the terms of the plea agreement and the charge against him, and by failing to adequately investigate Carl Fawcett's contradictory statements.   The PCR trial judge considered and rejected each of these claims.

In a February 5, 2007, letter opinion, the PCR trial judge stated:

> I have carefully reviewed the record, trial memoranda and the exhibits admitted at trial.  Petitioner has not established any basis for post-conviction relief.   The evidence is clear that [Petitioner's] trial attorneys exercised reasonable professional judgment, preserved his speedy trial rights, fully disclosed and explained his plea agreement, including the term of his sentence and adequately assisted him in making an informed decision regarding his plea.  Moreover, the trial court went over the plea agreement with petitioner in great detail, and invited him to ask any questions about the deal he had struck.   The court found specifically that [P]etitioner was fully informed of his rights, including defenses that he could have raised; that he knowingly and voluntarily waived his rights, and that he knowingly and voluntarily entered the plea of guilty; and that he was satisfied with the work of his attorneys.

Resp. Exh. 119

The PCR trial judge then entered the following pertinent Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1.  Petitioner's conviction was the result of a plea of guilty in Washington County Circuit Court Case No. C03-0252CR.  Petitioner was convicted of one count of murder.

2.  Before pleading guilty, petitioner signed a plea petition and initialed each paragraph.  Under the plea agreement, petitioner agreed to a sentence of life with a minimum of 25 years without the possibility of parole.

3.  Trial counsel fully disclosed and explained petitioner's plea agreement, including the term of his sentence and adequately assisted him in making an informed decision regarding his plea.

4.  At the change of plea hearing, the trial court went over the plea agreement with petitioner in great detail and invited him to ask any questions about the deal he had struck.

5.  The court found specifically that petitioner was fully informed of his rights, including defenses that he could have raised; that he knowingly and voluntarily waived his rights and that he knowingly and voluntarily entered his plea of guilty; and that he was satisfied with the work of his attorneys.

6.  The affidavits of trial counsel Robert B. Axford and Ricardo Jay Menchaca are credible.

7.  Trial counsel investigated the witness C. Fawcett, speaking with him at the district attorney's office and assessed Mr. Fawcett's credibility and the impact his statements would have at trial.

8.  Petitioner was aware of the inconsistencies in Mr. Fawcett's statements.

9.  The indictment was sufficient, and trial counsel
    had no reason to challenge the indictment given
    that petitioner pled guilty – if the case had
    proceeded to trial, counsel could have filed any
    challenges to the indictment at that time.

10. The prosecutor did not threaten petitioner, but
    properly informed both petitioner and the court
    that if petitioner did not plead guilty, the State
    intended to seek an Aggravated Murder Indictment
    based in part on the recent statement by Mr.
    Fawcett.

11. Trial counsel explained to petitioner the Mens Rea
    requirement of Murder as well as the potential
    lesser sentences of Manslaughter in the First and
    Second Degrees.

* * *

CONCLUSIONS OF LAW

1.  Based on the findings of fact set forth above, in
    the underlying criminal proceedings resulting in
    petitioner's conviction, petitioner was not denied
    the right to assistance of counsel, as guaranteed
    by either the United States Constitution and as
    articulated by the United States Supreme Court in
    *Strickland v. Washington*, 466 U.S. 668 (1984), or
    the Constitution of the State of Oregon.

2.  Petitioner's claims of trial court error are barred
    by *Palmer v. State of Oregon*, 318 Or. 352 (1994),
    *Lerch v. Cupp*, 9 Or. App. 508 (1972), and *Hunter v.
    Maass*, 106 Or. App. 438 (1991).

3.  Petitioner did not prove any of his claims by a
    preponderance of the evidence.

4.  Petitioner did not prove the facts underlying any
    of his post-conviction claims by a preponderance of
    evidence.  Thus petitioner has not shown, as
    required by *Strickland*, (1) that counsel's
    representation fell below an objective standard of
    reasonableness, and (2) that there is a reasonable
    probability that, but for counsel's allegedly

> unprofessional errors, the result of the
> proceedings would have been different.

Resp. Exh. 120, pp. 2-4.

At the change of plea hearing, the prosecutor informed the trial judge that if Petitioner did not plead guilty to Murder, the State intended to seek an indictment of Aggravated Murder.[4]  In the plea colloquy, Petitioner acknowledged trial counsel informed him of this and that he understood.  Under these circumstances, the PCR court's conclusion that no improper threats or coercion occurred and trial counsel could not, therefore, have been ineffective for failing to bring to the matter attention of the court was not contrary to or an unreasonable application of *Strickland*.

Also, at the change of plea hearing Petitioner testified that he wished to plead guilty, that no one had forced him to plead guilty, that he was fully satisfied with the advice and counsel provided by his attorneys, that they fully explained and he fully understood the nature of the charge, possible defenses, and the stipulated sentence.  In the state PCR proceeding, the state presented affidavits from Petitioner's trial attorneys (which the PCR judge found credible) affirming Petitioner's testimony.  The

---

[4]The Ninth Circuit recently reaffirmed that the government, in the course of plea bargaining, may offer to reduce charges or threaten re-indictment under more serious charges. *United States v. Kent*, --- F.3d ---, 2011 WL 383977, *6 (9th Cir., Feb. 8, 2011).

state PCR court's conclusion that counsel ensured Petitioner's guilty plea was knowing and voluntary is entitled to deference.

Finally, the evidence at the PCR trial was that Petitioner and his trial attorneys were aware of the inconsistencies in Carl Fawcett's statements because they had reviewed the police reports. Moreover, both trial attorneys stated in their affidavits that they and their investigator spoke in person with Fawcett, heard in detail what Fawcett knew about the case, assessed his credibility and potential impact at trial, and reported their thoughts to Petitioner. Petitioner did not provide any evidence to the PCR court impeaching Fawcett that was unknown to counsel during their interview with Fawcett; he did not demonstrate that additional investigation would have uncovered information critical to his decision to plead guilty.

Here, Petitioner attempts to bolster his claim with evidence that Carl Fawcett was charged in one case with Rape in the Third Degree and Delivery of Controlled Substance to a Minor, and was later convicted in a separate case on a plea of guilty to a charge of Delivery of Marijuana for Payment. Assuming without deciding that these records are properly before this Court on habeas review, their content belies Petitioner's argument. The charges in the first case were dismissed over three months prior to Petitioner's crime, and the charges in the second were not brought until more than six months after the change of plea hearing.

This is not sufficient evidence to show trial counsel performed unreasonably in advising Petitioner in the plea process. To find otherwise would be contrary to the Supreme Court's admonition in *Premo* to avoid hindsight and second-guessing based on facts and circumstances not apparent to a competent attorney when the actions and advice leading to the plea took place. "In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo*, 131 S. Ct. at 741 (citing *Lockhart*, 506 U.S. at 372).

The PCR court's decision denying relief on Petitioner's ineffective assistance of counsel claims involved no unreasonable application of Supreme Court precedent. As such, Petitioner is not entitled to habeas relief in this Court.

## CONCLUSION

For these reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

///

///

///

///

///

22 - OPINION AND ORDER -

The Court **DENIES** a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of February, 2011.


                         /s/ Anna J. Brown
                         ANNA J. BROWN
                         United States District Judge

P:\Brown-LawClerks\09-424tardy0222opin.wpd